UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-61133-CIV-MARTINEZ

CHELLY ATTILUS,
    Plaintiff,
v.
EMBLEMHEALTH ADMINISTRATORS, *et al.*,
    Defendant.
_____/

## PLAINTIFF'S REPLY TO MOTION TO REMAND

Plaintiff, Chelly Attilus ("Attilus"), through her undersigned attorneys, files this Reply:

### PRELIMINARY STATEMENT

The Defendant asserts the following arguments: 1) the Defendant contends that Attilus is clearly trying to evade federal jurisdiction over her claims, and admits as much, and that Attilus admits her claims were subject to preemption as originally pled; 2) the two complaints contain only minor differences; 3) the Court has an independent duty to "assess the true nature of the claims" based on both the current complaint and the original complaint she filed; 4) Attilus is fraudulently evading removal, which compels the conclusion that the Court should look beyond the complaint to see if there are substantial questions of federal law; 5) prior pleadings are evidentiary admissions, and should be considered; 6) Attilus alleges that Cardullo has animus against her; 7) Attilus has not repudiated or disavowed her factual allegations; 8) Attilus raises allegations regarding short-term disability; 9) any allegation that an employer altered an employee's date of discharge falls within the scope of ERISA, as do any allegations of avoiding ERISA to save money; 10) *Davila* supplanted the *Butero* analysis and this Court should disregard *Butero*; and 11) court should take judicial notice of the previous pleading. These contentions, none of which has any merit, will be addressed in turn.

Initially, however, the Court should note that the basic issue in the case is this: Is a purely state law claim for employment discrimination against an employer under FCRA preempted by ERISA, simply because the Complaint mentions that plaintiff applied for short-term disability benefits, and after being terminated learned that she was approved for those benefits after the date on which the Defendant claims it fired her, when the only remedies sought are those under FCRA—compensatory and punitive damages and back pay, remedies not available under § 502—and when the Complaint specifically states (in ¶ 67) that "Attilus is not

seeking to recover in this suit for the wrongful denial of any sort of insurance benefit or interference with any insurance benefit?" The answer to this question is a resounding no, and requires the conclusion there is no subject matter jurisdiction, which requires remand.

If the Court considers the previously-filed complaint (which it should not do), this same issue remains, but is modified by the addition of the following language: "and when a previously-filed complaint that was dismissed without prejudice sued an individual defendant and against that individual alleged that the individual "t[old] Attilus that she was terminated, and then l[ied] about why Attilus was terminated which resulted in the denial of her health insurance benefits and cheated Attilus out of her short-term disability, which caused Attilus to endure severe emotional distress, which emotional distress caused Attilus physical and mental health damage, which caused even more emotional distress. Attilus's termination has caused significant financial distress to Attilus which manifested itself in physical symptoms, as set forth below[; ] Cardullo's causing or allowing Attilus to be terminated, particularly in furtherance of the racially, ethnically and anti-disability discriminatory work environment and to have her rights to insurances for health care to which Attilus was entitled denied, was an outrageous act, which comprised blatant retaliation." Attilus contends that the answer is still no. While two main reasons for this is that the previously-dismissed complaint should not be considered, and when it is not, there simply is no language in the Complaint that gives rise to ERISA preemption at all, but if it is considered, the previous allegations do not give rise to ERISA preemption either (simply a statement that her termination resulted in the denial of health insurance benefits, as any termination would).

A third main reason for this is primarily because a federal court of limited jurisdiction should not be exercising jurisdiction over a FCRA claim simply because a plaintiff may potentially have a state-court tort claim(s) (but has not brought that claim) that, at best, is arguably preempted, particularly since none of the allegations in the existing complaint or the previous complaint set forth a cause of action or seek remedies under § 502 of ERISA. If the Court rules for the Defendant, the Court is essentially holding that any time an employee who was receiving benefits from her employer sues under FCRA for being terminated which results in the loss of benefits (as all terminations ultimately do), such a case is automatically subject to federal jurisdiction under the theory of ERISA preemption. This is not so, see *Butero v. Royal Maccabees Life Insurance Co.,* 174 F.3d 1207 (11th Cir. 1999); *Kemp v. Int'l Bus. Mach. Corp.,* 109 F.3d 708 (11th Cir. 1997); *Ervast v. Flexible Products Co.,* 346 F.3d 1007, 1013 (11th Cir.

2003), and binding precedent (as discussed in the motion) requires (whether the previously-dismissed complaint is considered or not).  Further, Defendant claims that analysis from *Davila* controls and overrules *Butero*, but *after Davila* was decided in 2004, the Eleventh Circuit reaffirmed *Butero* as being the law in the circuit with respect to ERISA preemption, which slams the door on the Defendant's argument.  *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267 (11th Cir. 2005).  The Defendant misstated binding precedent.  (*Response* at 11 & n.6).  This glaring misstatement (desperate attempt to keep the case in federal court), coupled with the Defendant's failure to substantively distinguish *Butero* also requires a grant of the Motion.

> **I.   Attlius Does Not Admit She Is Trying to Evade Federal Jurisdiction; She is Entitled to Evade it if She Wants, and Her Original Claims as Pled Are Not Preempted.**

The Defendant claims that Attilus "admits outright her strategy and intentions". (*Response* at 6).  Attilus does not admit any strategy.  Attilus did not intend to bring an ERISA or other federal claim, did not think that she had, but after research decided that the easiest way to handle the situation was to amend/re-file the complaint to delete any language that could remotely be construed as bringing a claim under ERISA or for any benefits loss and to add an allegation that she is not seeking to bring any claim for the denial of insurance benefits. (*Complaint* ¶ 67).  There is nothing wrong with that, and she is the master of the Complaint under the well-pleaded complaint rule.  The only check on the well-pleaded complaint rule is fraud, and there is no allegation that Attilus engaged in fraud (simply by removing from a lawsuit allegations about a termination resulting in her loss of benefits and tort claims associated with emotional distress).  The law is clear that the mere fact that the relief to be afforded an employee or former employee under state law may involve an employee benefit plan (*e.g.*, an order for "back" contributions or an award of damages for loss of employee benefits arising out of a termination) will not result in ERISA preemption.  *E.g.*, *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1406-1407 (11th Cir. 1994).  Thus, there was no fraud Defendant can show.

> **II.   The Two Complaints Contain Significant Differences.**

The Defendant claims that the two complaints are basically the same.  They are not.  All tort claims are dropped, all claims against the individual are dropped, all allegations that her termination caused her to lose benefits are dropped, and an allegation is added that states that she is not seeking any relief for the denial or interference with insurance benefits.

### III. The Court Does Not Have An Independent Duty To "Assess The True Nature Of The Claims" Based On Both The Current Complaint And The Original Complaint She Filed.

The Defendant claims on page 6 that the Court has an independent duty to "assess the true nature of the claims" based on both the current complaint and the original complaint she filed. It does not. The Court should not try to interpret the claims to determine what claims Attilus could *theoretically* have brought, and Defendant's invitation to do so is contrary to precedent. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267 (11th Cir. 2005); *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1406-1407 (11th Cir. 1994). Rather, the Court should apply binding precedent (the *Butero* analysis) to the actual claims brought by Attilus to see if they really do state a claim or seek relief that is available to her under § 502 of ERISA which is required by *Cotton*. Notably, the Defendant does not even try to argue that the allegations of the existing Complaint seek relief available under § 502 of ERISA. That is because the Complaint does not do so. How on earth could Attilus seek through this litigation any relief under § 502 of ERISA, when she alleges: "Attilus is not seeking to recover in this suit for the wrongful denial of any sort of insurance benefit or interference with any insurance benefit." (*Complaint* ¶ 67).

### IV. Attilus Is Not Fraudulently Evading Removal, And The Court Should Not Look Beyond The Complaint To See If There Are Substantial Questions Of Federal Law.

The Defendant notes that "a party may not fraudulently evade removal by drafting a complaint so that the true purpose of the law is artfully disguised." (*Response* at 6). This is an implication that there is fraud, but an implication only. What is the fraud? The true purpose of Attilus's Complaint cannot possibly be to recover remedies under § 502, because she specifically alleges that she is disavowing any such remedies in ¶ 67 of the Complaint. Attilus had no intention of bringing an ERISA claim initially. What is fraudulent about amending her complaint to delete the language that the Defendant apparently believes give rise to a claim that was not intended to be brought? Any claim originally filed in state court that could also have been filed in federal court is subject to removal pursuant to 28 U.S.C. § 1441(a). *See Dunlap v. G & L Holding Group, Inc.,* 381 F.3d 1285, 1289 (11th Cir. 2004). The instant Complaint could not have been filed in federal court. "Complete preemption occurs when federal law so occupies a given field that a state-law claim is transformed into a claim 'arising under' federal law." *Dunlap,* 381 F.3d at 1290. The instant suit does not do that, even if the Court considers the

previously-filed complaint. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267 (11th Cir. 2005). Defendant's reliance on *Kemp* on page 6 is particularly perplexing, because it supports Attilus's position, and held there was no subject matter jurisdiction and remand was required. *Villareal* cited on page 6 does not help the Defendant as the Court found that a subsequent state-court suit brought to challenge a final judgment was improper and should have been brought as a Rule 60 motion in federal court. The Defendant's reliance on *Lewis* on page 7 is misplaced, because it dealt with what were extremely complex securities issues involving billions of dollars that were raised in a state-court negligence suit.

   **V.** **Prior Pleadings Are Not Evidentiary Admissions, And Should Not Be Considered, Because They Are Argument of Counsel.**

  The Defendant cites out of circuit case law for this proposition. In this circuit, the courts generally hold that pleadings have no basis in a trial, because they are argument of counsel. The plaintiff did not draft the complaint. The Defendant typically does not draft the answer. Lawyers do. Numerous cases, including ones in this circuit acknowledge that pleadings are not evidentiary admissions. *See Estate of Spinosa v. International Harvestor,* 621 F.2d 1154, 1157 (1st Cir. 1980); *Mitchell v. Fruehauf Corp.,* 568 F.2d 1139, 1147 (5th Cir. 1978); *see also Garman v. Griffin,* 666 F.2d 1156, 1158–59 (8th Cir. 1981) (Arnold, J., dissenting) (amended complaint not admissible where use of pleadings would interfere with recognized principles of alternative pleading under Fed. R. Civ. P. 8(e)). Here, at most, the previously-filed complaint simply noted that the insurance benefits ended upon Attilus's termination. She is not disallowed from alleging that, but those allegations have now been supplanted by a new pleading. The current Complaint only states that Attilus was approved for benefits after the date she was told that she was terminated, which suggests she was not terminated on that date, because her benefits ended with her termination and casts doubt on Defendant's non-discriminatory reason.

  Defendant relies on some cases that are distinguishable on page 7. It disregards the cases cited above. *FDIC* involved a pleading from another case involving the party having nothing to do with the instant dispute, it was not a pleading brought that was later amended or the case was dismissed and refiled. *Attilus specifically objects on the ground that any previous pleading is argument of counsel, and should not be used against her and would not be allowed at trial*.

  Defendant's lengthy foot note 4 page 8 is misplaced. The *Jacobs* case does not stand for the proposition cited. The *Thyssen Elevator* case simply states in *dicta* that pleadings may

5

theoretically be evidence. Notably, the issue that pleadings are argument of counsel was not raised in those cases. In *Proctor & Gamble*, the court held that at trial a party cannot rest on pleadings but most admit affirmative evidence, and thus the *Borel* case does not control this issue in this circuit. *Proctor & Gamble*, as the earlier cited panel decision controls. *Combs v, Plantation Patterns*. Moreover, *Borel* merely noted that pleadings can be controverted in *dicta*.

Defendant cites to *Hoefling*, but that case the court reaffirmed the principle that previously-filed complaints are legal nullities. It noted that litigants can expressly disavow past allegations or the contents of exhibits attached to prior pleadings, but does not state that there is some requirement to do so. Here, Attilus makes clear that she is not litigating any ERISA claim. Thus, Defendant's claim that ¶ 67 of the Complaint needs to go further and expressly disavow factual allegations and that because it does not "a § 510 claim is lurking beneath the state law claim" is without merit. Notably, Defendant's argument contains no citation to precedent and it is not explained how any language in the Complaint continues to raise a factual predicate to an ERISA claim. This Court should not be looking to see whether an ERISA cause of action could possibly be lurking behind state law claim that is brought. Regardless, the Defendant has to show a § 502 claim has been brought, and it has not. The "certain relief" language is not irrelevant it is key, as ¶ 67 takes the case out from under any possible § 502 ERISA claim.

### VI. Defendant Claims Attilus Alleges That Cardullo Has Animus Against Her Implying That The Animus Is Related To An ERISA Violation, But It Is Not, It Relates To Animus Toward Attilus On Account Of Her Race And Disability.

The Defendant raises on page 9-10 an animus issue. The type of animus to which the Complaint refers is animus involved on the basis of race and disability, which dramatically affects an employment discrimination case. *See generally Ferrill v. The Parker Group, Inc.*, 168 F.3d 468, 472, 473 (11th Cir. 1999) (animus not required, but its existence requires denial of summary judgment); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000) (holding that judgment for the defendant must be reversed regardless of presence of animus, and noting that the animus that existed in the case was "additional" evidence of discrimination); *EEOC v. Alton Packaging Corp.*, 901 F.2d 920 (11th Cir. 1990) (general racially discriminatory remarks showing animus constitute direct evidence of decision-makers' failure to promote black employees for discriminatory reasons). The fact that it is alleged Cardullo possesses animus and

in the context of the Complaint it is race/disability animus, does not turn this case into an ERISA case.

### VII. Attilus Is Not Required to Repudiate or Disavow All of her Factual Allegations; Her Statement that She Brings No Claim Regarding Insurance Benefits Is Sufficient to Take ERISA Out of the Case.

The Defendant reiterates that Attilus must repudiate or disavow her previous factual claims, but that is not required. What is wrong with simply removing those allegations that the Defendant claims assert an ERISA claim, coupled with a statement that no claim is brought pursuant to any denial of or interference with insurance benefits? Had Attilus repudiated it, Defendant would have cried fraud or sought fees for the frivolous filing of a case. What is wrong with it is that it precludes federal jurisdiction, which is what Defendant wants, and makes the Defendant have to argument against binding precedent regarding the well-pleaded complaint rule, which this Court should follow.

### VIII. The Allegations that Attilus Raises Regarding Short-term Disability Are Merely Facts that Demonstrate that the Defendant's Asserted Legitimate Non-Discriminatory Is *Per Se* Not Believable, and Thus Relevant to Her Discrimination Claims.

The Defendant claims on page 10 Attilus is trying to artfully plead ERISA claims as state law claims. She is not, see ¶ 67. There is no factual cause of action or remedy that she seeks that ERISA can provide for, as she seeks claims and remedies solely for employment discrimination. Certain facts in the case are important because they tend to show that the Defendant's legitimate reason is not believable. The Supreme Court has held that the standard enunciated in *Combs* is to be applied in employment discrimination cases. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S. Ct. 2097 (2000). In *Reeves*, the Supreme Court stated that "it is permissible for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation." *Reeves*, 120 S. Ct. at 2108. Moreover, the standard utilized in *Reeves* for determining whether the plaintiff put forth evidence such that a reasonable jury could disbelieve the defendant-employer's proffered reason is *whether the plaintiff has set forth evidence that casts doubt on that reason*. *Id.* at 2107 (stating that Reeves "cast doubt" on the defendant-employer's reason by setting forth certain evidence); *see also Taylor v. Runyon*, 175 F.3d 861, 867-68 (11th Cir. 1999) (analyzing the pretext stage of an employment discrimination case to see if the plaintiff had pointed to evidence that "cast[ ] doubt" on the defendant-employer's proffered non-discriminatory reason). Nothing with the

factual allegations gives rise to an ERISA claim. If the Court does not remand, what is the Court going to do; order Attilus to bring a claim under ERISA by amending the complaint to add one and the remedies to which it provides? Attilus does not want that.

### IX. Any Allegation That An Employer Altered An Employee's Date Of Discharge Does Not Fall Within The Scope Of ERISA, Nor Do Any Allegations Of Avoiding ERISA To Save Money.

The Defendant claims on pages 10-11 that the *Bishop* case holds that any allegation that an employer purposely altered an employee's date of discharge to interfere with benefits is within ERISA. This is wrong. First, Attilus does not bring a claim that the alteration was the interference with her benefits (and she has expressly stated that she is not bringing a claim based on interference with benefits), but rather mentions the alteration because it suggests Defendant is not truthful with the date of her termination. Second, the *Bishop* case is distinguishable, because it was brought as an ERISA case in which the sole, narrow issue was whether punitive damages were available under ERISA when the termination date is intentionally changed to interfere with ERISA rights, and the holding was they are not available. The Defendant then goes on to argue that any allegations regarding expense avoidance requires the conclusion that there is an ERISA claim. There are no allegations that there was expense avoidance, and no remedies are sought for any expense avoidance. In other words, even if there was expense avoidance, it does not change the basic remedies to which she is entitled under FCRA, or the common law torts if the previously-filed complaint is considered.

Defendant cites to the *Wells Fargo* case, but there was a specific allegation that the plan administrator intended to deny the plaintiff benefits in order to save money. That allegation was never brought by Attilus. Page 10 contains broad statements with no authority as backup. Moreover, the case law is clear that claims do not relate to ERISA and are not preempted if there is merely a loss of benefits as a consequence to an employment termination, like here, and that a discriminatory motive (for employment discrimination purposes) takes it out of ERISA. *Campbell v. Aerospace Corp.*, 123 F.3d 1308 (9th Cir. 1997). The mere fact that the relief to be afforded an employee or former employee under state law may involve an employee benefit plan (*e.g.*, an order for "back" contributions or an award of damages for loss of employee benefits arising out of a termination) will not result in ERISA preemption. *E.g., Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1406-1407 (11th Cir. 1994). Even if they directly implicate plans, such

claims may not be preempted if the portion of the state statute at issue tracks a federal employment discrimination statute. *Clark v. Coats & Clark, Inc.*, 865 F.2d 1237 (11th Cir. 1989) (state discrimination statute generally tracking federal one not preempted by ERISA).

In the Fifth Circuit's opinion in *Rozzell v. Security Services, Inc.,* 38 F.3d 819, 822 (5th Cir.1994), court encountered facts similar to those before us and, in a well-reasoned opinion, held that ERISA did not preempt a cause of action alleging willful deprivation of benefits as part of its punitive damages claim because the substance of the claim was limited to state law retaliatory discharge. Rozzell alleged that his employer had wrongfully terminated him in retaliation for pursuing statutory rights guaranteed under the Texas Workers' Compensation Act. Although Rozzell's complaint contained only one state statutory cause of action, the defendants seized upon an allegation, made in conjunction with a prayer for punitive damages, that the plaintiff was wrongfully terminated " 'to willfully deprive plaintiff of the compensation and benefits of [his] job' " and removed the suit as preempted by ERISA. *Id.* at 821. Invoking the well-pleaded complaint rule and looking past the words contained in the complaint to the substance of the claim alleged, the Fifth Circuit concluded:

> [I]t remains patently clear that the substance of his claim is limited to the state law retaliatory discharge cause of action. He included the word "benefits" in his accusation of the requisite malice for punitive damages, not as a separate claim for relief. Rather, the allegation of lost "benefits" related back to the retaliatory discharge in order to punctuate that wrongful conduct. Therefore, the substance of Rozzell's complaint alleges only one cause of action that is governed exclusively by state law.

*Id.* at 822. Just as the substance of Rozzell's claim was wrongful retaliatory termination, the substance of Attilus's claim was wrongful termination in based on race/disability.  Attilus, like in *Rozzell* and in *Campbell*, did not allege that the deprivation of his benefits was in and of itself wrongful or illegal. Like in *Rozzell* and *Campbell*, Attilus pointed to Aerospace's knowledge of these consequences "to punctuate that wrongful conduct."

In *Campbell v. Aerospace Corp.*, 123 F.3d 1308, 1313-14 (9th Cir. 1997), the court concluded,

> Our conclusion that ERISA does not preempt this claim is consistent with Congress's intent in enacting ERISA. Unlike *Ingersoll–Rand,* in which the state law precluding termination to avoid paying benefits risked subjecting employers to inconsistent substantive standards concerning benefits plans, the existence of an ERISA plan is irrelevant to the employer's action in the case

9

> before us. There is no risk of different state standards governing the same benefits-related conduct, because the conduct at issue here—the employer's employment decisions—is motivated by independent considerations. Thus, federal preemption of causes of action involving state wrongful termination law, where the employer's decisions are motivated by non-ERISA-related interests, would not serve "to promote the interests of employees and their beneficiaries in employee benefit plans."

*Id.* (citing *Shaw,* 463 U.S. at 90, 103 S.Ct. at 2896).

### X. *Davila* Did Not Supplant the *Butero* analysis and this Court should Not disregard *Butero*.

Sadly, the Defendant argues that *Butero* should not be followed but *Davila* and *Gables Ins. Recovery* should be. As stated above, Defendant claims that analysis from *Davila* controls and overrules *Butero*, but *after Davila* was decided in 2004, the Eleventh Circuit reaffirmed *Butero* as being the law in the circuit with respect to ERISA preemption, which slams the door on the Defendant's argument. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267 (11th Cir. 2005). The Defendant misstated binding precedent. (*Response* at 11 & n.6). *Gables Ins. Recovery* was all about in an ERISA case whether medical providers suing insurers were clear ERISA claims.

### XI. The Court Should Not Take Judicial Notice of the Prior Complaint.

Defendant relies on *Deaver v. BBVA Compass Consulting & Benefits, Inc.*, 946 F. Supp. 2d 982 (N.D. Cal. 2013), but it is distinguishable, because the reconsidered opinion stated Ninth Circuit precedent in CAFA cases required that the court look at the earlier pleading. There is no requirement in the Eleventh Circuit, but rather a contrary one. Defendant claims that this Court can and should take judicial notice of other filings in other cases so it considers the previously-filed complaint, and relies on a non-binding case—*Klopfenstein*. Defendant is wrong, because the courts hold that judicial notice cannot be taken of the truth of matters in documents in other cases: "[w]hatever Defendants' purpose may be, the Court takes judicial notice of the orders and opinions issued in other courts only to establish the fact of such litigation and related filings, not for the truth of the matters asserted in the other cases. *Giustiniani v. Florida Dep't of Finance*, 2012 WL 398136 (citing *United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir.1994) (stating that "a court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation")).

10

## CONCLUSION

For the foregoing reasons, this case should be remanded to state court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 14, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record (John Houston Pope, Esq.) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

>                     Glasser & Kleppin, P.A.
>                     Attorneys for Plaintiff
>                     8751 W. Broward Blvd.
>                     Suite 105
>                     Plantation, FL 33324
>                     Tel.  (954) 424-1933
>                     Fax  (954) 474-7405
>                     E-mail:  Glabor@aol.com
>
>
>                     By__s/Chris Kleppin_____
>                         Chris Kleppin
>                         Fla. Bar No. 625485

C:MyDocuments/Attilus/Plf'sMforRemand06/17/16